UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:07-CR-136 |
| V. ) | (Varlan / Shirley) |
| ) | |
| KENNETH DUNN, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Kenneth Dunn's Motion to Continue [Doc. 8]. Mr. Dunn's initial appearance on this indictment was conducted October 23, 2007, by Magistrate Judge H. Bruce Guyton, at which time the defendant was released on bond pending trial. However, Magistrate Judge Guyton imposed conditions on Mr. Dunn's release, one of which was that he "participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services officer or supervising officer." [Doc. 7, at ¶ 7 (r)].

In his Motion to Continue [Doc. 8], Mr. Dunn's counsel, Attorney Wade Davies, reports that the defendant is participating in an inpatient drug treatment program pursuant to this condition. While Mr. Dunn is in the treatment program, it is not possible to consult with him in a meaningful manner regarding the criminal charge. Attorney Davies asks that the Court extend the dates previously set for this case, to include the trial date, for a period of 60 days. Attorney Davies

explains that this period of time will allow time for Mr. Dunn to complete the 14-week inpatient program, then return to the district to participate in his defense. The United States does not oppose this motion.

The Court finds that good cause has been shown to extend the deadlines in this case and continue the trial, currently scheduled to commence on December 18, 2007. The Court concludes that the ends of justice served by a continuance outweigh the interest of the defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). Specifically, the Court finds that failure to grant a continuance under these circumstances would necessarily result in either a miscarriage of justice or would make the proceedings impossible. See 18 U.S.C. § 3161(h)(8)(B)(iv). Either Mr. Dunn would be required to abandon a substance abuse treatment program, which was deemed advisable by the pretrial services and ordered as a condition of his release by Magistrate Judge Guyton, or it would be impossible for him to appear for any pretrial proceedings or the trial.

Further, failure to continue the dates in this case, to include the trial date, would deny counsel for Mr. Dunn the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). The Court observes that after the defendant's treatment program is completed, Attorney Davies will require time to consult with his client, to review discovery materials with Mr. Dunn, pursue any factual investigation and conduct other case preparations. This will be necessary before Attorney Davies may be in a position to go forward with Mr. Dunn's defense. After that, a reasonable time is necessary for Attorney Davies to identify appropriate pretrial motions, then prepare and file them. Should pretrial motions be filed, the Court will then require time to conduct a hearing and issue a ruling or report and

recommendation as warranted. The Court finds that this could not take place before the December 18, 2007, trial date, or in less than 60 days.

For these reasons, Defendant Kenneth Dunn's Motion to Continue **[Doc. 8]** is **GRANTED**. Counsel for the government and for the defendant should appear at the date and time previously scheduled for the Pretrial Conference, **December 11, 2007, at 9:00 a.m.** for the purpose of selecting a new trial date for this case.

For the reasons stated above, the Court finds that all time between the filing on the Motion to Continue on November 20, 2007, and the new trial date is fully excludable from operation of the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(A)-(B)(I) and (iv).

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge