UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:07-CR-136 |
| V. | ) | (VARLAN /SHIRLEY) |
| | ) | |
| KENNETH DUNN, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On December 11, 2007, this criminal action came before the Court to schedule a new trial date in accordance with this Court's Order [Doc. 9] dated November 29, 2007. Attorney Hugh Ward appeared on behalf of the government. Attorney Wade Davies appeared on behalf of defendant Kenneth Dunn, who was also present.

At the hearing, defense counsel requested that a new motion cut off date be set. Accordingly, the Court set a motion cut off date of **January 11, 2008**, with responses due on or before **January 25, 2008**, and a final pretrial conference on **January 29, 2008, at 10:00 a.m.** The Court set a new trial date of **March 24, 2008**.

During the hearing, the parties agreed that all time between the December 11, 2007, hearing and the new trial date of March 24, 2008, is fully excludable time under the Speedy Trial Act. While the Court made the necessary Speedy Trial findings in its Order [Doc. 9] of November 29, 2007, for the record, the Court again finds that the ends of justice served by a continuance

outweigh the interest of the defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). Specifically, the Court finds that failure to grant a continuance under these circumstances would necessarily result in either a miscarriage of justice or would make the proceedings impossible. See 18 U.S.C. § 3161(h)(8)(B)(iv). Either the defendant would be required to abandon a substance abuse treatment program, which was deemed advisable by the pretrial services and ordered as a condition of his release by Magistrate Judge Guyton, or it would be impossible for him to appear for any pretrial proceedings or the trial.

Further, failure to continue the dates in this case, to include the trial date, would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). As evidenced by defense counsel's request to reset the motion cut-off date, defense counsel will need time to prepare for trial, to evaluate whether any motions should be filed, to prepare any such motions, the government will need time to respond to any such motions, and the Court would need time to rule on any such motions. The Court finds that this could not take place before the December 18, 2007, trial date, or in less than 60 days.

For the reasons stated above, the Court finds that all time between the December 11, 2007, hearing and the new trial date is fully excludable time under the Speedy Trial Act for the reasons set forth above. See 18 U.S.C. § 3161(h)(8)(A)-(B)(I) and (iv).

Accordingly, it is **ORDERED**:

(1) The trial of this matter is reset to commence on **March 24, 2008, at 9:00 a.m.,** before the Honorable Thomas A. Varlan, United States District Judge;

(2) All time between the **December 11, 2007,** hearing and the new trial date of **March 24, 2008**, is fully excludable time under the Speedy Trial Act for the reasons set forth above;

(3) A new motion cut off date is set for **January 11, 2008**;

(4) Responses are due on or before **January 25, 2008**; and

(5) A pretrial conference is set for **January 29, 2008, at 10:00 a.m.** before the undersigned.

**IT IS SO ORDERED.**

ENTER:


  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge